THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NAKEISHA J. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16cv651-MHT-WC |
| | ) |
| AUBURN UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on the motions to dismiss (Docs. 14 & 18) filed by Defendant Auburn University. Plaintiff has not filed a response to either motion. The District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 4. Upon review of Defendant's motions and the record in this case, and for the reasons that follow, the undersigned RECOMMENDS that the motions to dismiss be granted and that Plaintiff's Complaint (Doc. 1) be dismissed pursuant to Rules 12(b)(6) and/or 41(b) of the Federal Rules of Civil Procedure.

**I.      BACKGROUND**

On August 9, 2016, Plaintiff, proceeding *pro se*, filed her Complaint (Doc. 1), alleging that Defendant, her former employer, discriminated against her on the basis of her race and retaliated against her, both in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e, *et seq*. Doc. 1 at ¶ 4. On December 5, 2016, Defendant filed its initial motion to dismiss, arguing that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint fails to state any claim upon which relief could be granted. Doc. 14. On December 6, 2016, the undersigned entered an Order (Doc. 15) directing Plaintiff to either file an amended complaint pursuant to Rule 15(a)(1)(B) or file a written response to Defendant's motion and show cause, if any there be, why the motion should not be granted. The order instructed Plaintiff to file her amended complaint or response in opposition on or before December 27, 2016. Doc. 15. On December 27, 2016, Plaintiff filed a motion requesting a "30-day enlargement of time in which to answer or otherwise respond" to the motion to dismiss. Doc. 16. Plaintiff explained that she was "applying for legal aid and looking for counsel to assist" with her case. *Id.* The undersigned granted the requested extension, making Plaintiff's amended complaint or response in opposition due January 26, 2017. Doc. 17. Plaintiff requested no further extensions and did not file an amended complaint or otherwise respond as instructed by the court. On May 23, 2017, Defendant filed its second motion to dismiss, arguing that Plaintiff's complaint should be dismissed pursuant to Rule 41(b) based upon her failure to prosecute this case and comply with the court's orders. Doc. 18.

The relevant, well-pleaded factual allegations of Plaintiff's complaint are as follows: Plaintiff filed a complaint with the Auburn University EEOC Office in June of 2011, complaining of a hostile work environment fostered by two white employees of

Defendant.[1] In December of 2014, Plaintiff filed another complaint with the Auburn University EEOC Office concerning a white supervisor's failure to pay her for overtime. After Plaintiff did not get a response to her EEOC complaint, she contacted "Auburn University human resources," which resulted in her being paid the overtime that she had worked. She never received a response to her EEOC complaint. Also in December of 2014, Plaintiff requested a job evaluation due to issues she was experiencing in being paid properly for the work she performed. Subsequently, in March of 2015, her position was reclassified and she "was assigned the duties of a Communications and Marketing coordinator to complete along with [her] duties as event coordinator."

In July of 2015, Plaintiff filed an EEOC charge of discrimination with the Birmingham District Office of the EEOC, which served notice of the charge on Auburn University on July 20, 2015. In the "middle of August" of 2015, Jamie Anderson, a white female and the wife of a School of Forestry and Wildlife faculty member, was offered "the Communications and Marketing position[.]" Also in August of 2015, Plaintiff was offered a position by Dean Janaki Alavalapati as a minority recruiter. Plaintiff thereafter began her training for that position. On September 8, 2015, Plaintiff was "laid-off." She was told by "Scott Enebak (white)" that her "position [had] been eliminated[.]" She was "placed on paid leave until December." Dean Alavalapati later "disclosed to the entire school via

---

[1] Although Plaintiff complains of alleged racial discrimination, she does not specifically allege her own race in the complaint.

3

email that [Plaintiff] was not qualified for the recruiter position instead of telling them that the position . . . was eliminated."

## II. PLAINTIFF'S CLAIMS

From the above pool of allegations, Plaintiff alleges that Defendant discriminated against her on the basis of her race and retaliated against her on the basis of her protected activity, in violation of the anti-discrimination and anti-retaliation provisions of Title VII. Doc. 1 at ¶ 4. Specifically, Plaintiff alleges that she suffered the adverse employment actions of Defendant's termination of her employment and failure to promote her due to Defendant's discriminatory and retaliatory animus. Plaintiff seeks reinstatement to her former job "and any other relief as may be appropriate, including injunctive orders, damages, costs, and attorneys fees." *Id.* at ¶ 12.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(6)

As noted previously, Defendant moves to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but [l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quotations and citations omitted). In order to state a claim upon which relief could

be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In application, the Rule requires that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," in that the well-pleaded factual matter in the complaint "nudge[s] [the plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Accordingly, the court may "insist upon some specificity in [the] pleading before allowing" the complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 558.

To adequately state a claim under Rule 8(a), and survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted). Thus, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"

*Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). In other words, in order to survive a motion pursuant to Rule 12(b)(6), "a plaintiff [must] include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

In assessing the sufficiency of the complaint, a reviewing court is to look at the complaint as a whole, considering whether all of the facts alleged raise a claim that is plausible on its face. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1382 (11th Cir. 2010). Thus, the court reads the complaint "holistically," taking into account all relevant context. *El-Saba v. Univ. of S. Ala.*, Civ. No. 15-00087-KD-N, 2015 WL 5849747, at *15 (S.D. Ala. Sept. 22, 2015) (citing *Garayalde-Rios v. Municipality of Carolina*, 747 F.3d 15, 25 (1st Cir. 2014)). As such, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Accordingly, even as a *pro se* litigant, Plaintiff is obliged to provide sufficient factual detail in his complaint to support his claims, and the court is not permitted to sustain a facially deficient complaint in light of his *pro se* status.

**B.    Rule 41(b)**

Rule 41(b) reads, in relevant part, as follows: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Id.* (quoting *Link*, 370 U.S. at 630-31). "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citation omitted).

A dismissal pursuant to Rule 41(b) may be with or without prejudice. *See Levinson v. WEDU-TV*, 505 F. App'x 919, 920 (11th Cir. 2013). A "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth*, 766 F.2d at 1535.

## IV. DISCUSSION

### A. Rule 12(b)(6)

Defendant moves to dismiss Plaintiff's Title VII claims of discrimination and retaliation pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to state any claim upon which relief could be granted. The undersigned first considers Plaintiff's claim of unlawful race-based discrimination. "Under Title VII, it is unlawful for an employer to discharge or discriminate against any individual on the basis of his race[.]" *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (citing 42 U.S.C. § 2000e-2(a)(1)). In order to state a Title VII discrimination claim for which relief could be granted, Plaintiff must allege sufficient factual information that, accepted as true, suggests that her claim that she was denied a promotion or terminated because of her race is more than just speculation on her part. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)) ("Although a Title VII complaint need not allege fact sufficient to make out a classic *McDonnell Douglas* prima facie case, . . . it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination.").

Unfortunately, the instant complaint is devoid of sufficient well-pleaded factual allegations to make Plaintiff's claim plausible. To begin with, the bulk of the allegations do not appear related to any claim of a discriminatory failure to promote or termination but, rather, appear to concern a generalized claim of a historical racially-hostile work environment. But Plaintiff's allegations do not tread even close to showing that any

8

"harassment" about which she complains was "severe or pervasive enough to alter the terms and conditions of [her] employment and create a discriminatorily abusive working environment." *See, e.g., Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248-49 (11th Cir. 2014) (setting-out the elements of a racially hostile work environment claim). First, Plaintiff's vague allegations about alleged hostile or harassing behavior by white Auburn employees in 2011, for which she allegedly filed an EEOC charge and a police complaint, do not appear related to, or otherwise provide context for, Plaintiff's claim that, several years later, she was denied a promotion and was terminated because of her race. Nor does Plaintiff describe any of the alleged harassing or racially-hostile behavior so that the court and Defendant may judge whether it "was severe or pervasive enough to alter the terms and conditions" of Plaintiff's employment. Likewise, the alleged conduct surrounding Plaintiff's second EEOC charge filing, in December of 2014, which allegedly concerned her employer's failure to properly compensate her for overtime, is not connected by any allegation in the complaint to the alleged failure-to-promote or termination about which Plaintiff complains. Nor would an ordinary dispute over an employee's proper salary, without some allegation of a racial component, constitute the sort of "severe or pervasive" harassment that could sustain a racially-hostile work environment claim. Furthermore, Plaintiff makes clear that Auburn eventually paid her the overtime that she had worked. Doc. 1 at 3.

Finally, Plaintiff also complains that another white employee, Heather Crozier "began harassing" her sometime after she began serving in her new position as Event

9

Coordinator. *Id.* However, the only allegation that Plaintiff musters respecting this alleged harassment is that Crozier "aggressively intimidated [Plaintiff] and [her] character to all of [her] co-workers, across campus members[.]" *Id.* To the extent this allegation is even comprehensible, Plaintiff does not explain how she or her character were "intimidated" by Crozier, or how such conduct is connected to the alleged failure-to-promote and termination about which she complains. To the extent any of these allegations are intended by Plaintiff to support some claim of a racially-hostile work environment, they fall substantially short of stating a claim that is plausible.

As for any allegations respecting a discriminatory failure-to-promote claim, Plaintiff's complaint remains deficient. In order to succeed on such a claim, Plaintiff will be required to prove, *inter alia*, that she applied for and was qualified for a promotion, that she was rejected for the promotion, and that an equally or less-qualified person from outside Plaintiff's race was given the position. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010). The instant complaint is devoid of any allegation that Plaintiff applied for and was rejected for any position for which she was qualified, and that such position instead went to an equally or less qualified person from outside Plaintiff's race. In fact, Plaintiff's complaint indicates that, at least twice, she seemingly was promoted— once when her job was reclassified in March 2015 to align better with her actual job duties so that she would be "paid adequately for the job that [she] was doing," and once again in August of 2015 when she was offered the position of minority recruiter. Doc. 1 at 3. Although the complaint vaguely alludes to a white female, Jamie Anderson, having been

hired to a "Communications and Marketing position," Doc. 1 at 3, Plaintiff does not allege that she applied for such position, that she was qualified for it, that she was rejected for the position, or that Anderson was equally or less qualified for the position. As such, Plaintiff's complaint fails to state any claim of discriminatory failure-to-promote for which relief could be granted.

Plaintiff's claim of a discriminatory termination also fails. Although Plaintiff alleges that she was "laid-off" on September 8, 2015, and "placed on paid leave until December," Plaintiff does not allege any facts that, if proven, would support that her layoff was related to her race. Plaintiff does not allege who made the decision to lay her off and does not provide any allegations respecting that person's supposed discriminatory animus. She only alleges that she was told by Scott Enebak that her position had been eliminated, and that, subsequently, Dean Janaki Alavalapati, who had promoted her to minority recruiter, "disclosed to the entire school via email that [she] was not qualified for the recruiter position instead of telling them that the position at the school was eliminated." Doc. 1 at 3. Plaintiff's allegations thus do not permit a reasonable inference that any decision maker was motivated by animus toward Plaintiff's race—which, again, she has failed to even allege—when she was laid off. Plaintiff also does not allege that any similarly-situated persons outside of her race were not subject to layoffs. As such, Plaintiff has failed to state a plausible claim of racially discriminatory termination.

Plaintiff's Title VII retaliation claims fare no better. Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment

11

practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

> To state a claim for retaliation under Title VII, a plaintiff must allege the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action.

*Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (citing *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001)). With respect to the third element, causation, "a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). One method of establishing such causation is temporal proximity between the protected activity and the adverse employment action. *See, e.g., Thomas v. Cooper Light., Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). "But mere temporal proximity, without more, must be 'very close.'" *Id.* (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). "A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Id.* (citations omitted).

The complaint adequately alleges that Plaintiff engaged in protected activity. Even if Plaintiff's 2011 and 2014 EEOC activity are too far removed from any adverse employment action described in the complaint, Plaintiff alleges that she filed a charge of discrimination with the EEOC in July of 2015, and that Defendant was served with notice

of the charge on July 20, 2015. However, for the reasons given above, to the extent Plaintiff is alleging that she suffered a retaliatory failure-to-promote, she has failed to adequately allege any adverse employment action. Plaintiff does not allege that she sought, and was denied, any promotion, including the position that was given to Jamie Anderson in August of 2015. Without some well-pleaded allegation that, minimally, Plaintiff sought and was rejected for a promotion for which she was qualified, the undersigned cannot discern an adverse failure-to-promote in Plaintiff's complaint. In the absence of any well-pleaded allegations, even if the court presumes that Plaintiff did apply and was rejected for some promotion after engaging in protected activity, there are no allegations in the complaint that permit the reasonable inference that any failure to promote is causally connected to Plaintiff's protected activity. Although one might infer a causal connection given the temporal proximity of Plaintiff's July 2015 charge-filing and the August 2015 hiring of Jamie Anderson, Plaintiff does not allege who hired or promoted Anderson (and implicitly rejected Plaintiff), and does not allege that this person was even aware of her July 2015 EEOC charge.

Plaintiff's claim of a retaliatory termination is similarly encumbered. Although her September 8, 2015, layoff might be sufficiently temporally proximate to her July 2015 EEOC activity to permit an inference of a causal connection, she still fails to allege who made the decision to lay her off and does not allege that person was even aware of her protected activity. As such, the complaint is devoid of any allegations permitting the

13

reasonable inference that the adverse employment actions about which Plaintiff complains were not wholly unrelated to her protected EEOC activity.

For all of the foregoing reasons, the undersigned concludes that Plaintiff has failed to state a claim of Title VII race discrimination or retaliation that is plausible on its face. The deficiencies indicated in Defendant's motion to dismiss and in this Recommendation appear easily remediable; Plaintiff needs simply to plead additional factual matter to make her claims plausible. However, Plaintiff failed to file a response to the motion to dismiss, as ordered by the undersigned, and likewise declined the undersigned's invitation to file an amended complaint pursuant to Rule 15(a)(1)(B). Accordingly, her complaint is due to be dismissed for failure to state a claim for which relief could be granted.

B. Rule 41(b)

As discussed previously, the record in this case establishes that, after Plaintiff was granted her requested thirty-day extension of time to respond to Defendant's motion to dismiss on December 28, 2016, she failed to file a response or amended complaint, or to take any other action to prosecute her case, in the 117 days before Defendant filed its motion to dismiss under Rule 41(b). Indeed, she still has not filed anything in the 105 days since Defendant filed its motion. Both the court's December 28, 2016, order and Defendant's motion to dismiss were served via U.S. Mail on Plaintiff at the only address that she has provided the court for corresponding with her. Plaintiff has provided the court with no new or additional contact information and, insofar as the undersigned knows, has

not otherwise contacted the court to advise of her status. The undersigned must therefore conclude that Plaintiff has abandoned this action.

Notwithstanding all of the above, the undersigned does not conclude that this case presents an "extreme" instance of "willful misconduct" worthy of dismissal with prejudice. Though serious, Plaintiff's failure to file a response or amended complaint does not evince any active contempt for the court or its orders. Indeed, it is evident that Plaintiff at least respects the court's orders, considering that she previously paid the entirety of her civil filing fee ($400.00) when the court ordered her to do so on or before October 6, 2017. *See* Doc. 6. It was evident at the time that she paid her filing fee that Plaintiff was struggling in good faith to meet the demands of prosecuting her case, and that she anticipated some difficulties and delays going forward. *See* Doc. 7 ("My unemployment resources ended in July 2016. Due to these factors I'm unable to obtain an adequate defense in this civil case at this time, in which may cause some delays. Please know that I am making every effort too proceed with this case efficiently."). It is more likely that Plaintiff's failure to respond to the motion to dismiss or to file an amended complaint indicates that Plaintiff's effort to obtain legal assistance failed, and that she has therefore abandoned prosecution of this action. Thus, the extreme sanction of dismissal with prejudice is inappropriate at this time. Moreover, it appears that a lesser sanction—dismissal without prejudice—is adequate in this instance. If Plaintiff has truly abandoned her case, then Defendant will suffer no hardship from a dismissal without prejudice. If she has not abandoned her case, then, provided she can demonstrate good cause for her failure to respond up to this point, she

should be permitted to address the deficiencies raised by Defendant and noted in this Recommendation.

## V. CONCLUSION

For all of the reasons stated above, the Magistrate Judge hereby RECOMMENDS that Defendant's motions to dismiss (Docs. 14 & 18) be GRANTED insofar as the motions seek dismissal of the complaint without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 19, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 5th day of September, 2017.


                              /s/ Wallace Capel, Jr.
                              CHIEF UNITED STATES MAGISTRATE JUDGE